UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARLENE ROCKWELL,

    Plaintiff,

v.                              CASE No. 8:12-CV-729-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

    Defendant.
_____

## ORDER

THIS CAUSE came on for consideration upon the Petition and Affirmation for Attorney Fees Under 42 U.S.C. 406(b)(1) (Doc. 21), filed by counsel for the plaintiff.[2] Having considered the petition, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under 42 U.S.C. 406(b), the petitioner will be awarded $10,000.00 in attorney's fees.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2] Counsel filed the memorandum in support of the petition as the main document (Doc. 21), and she submitted the petition as an attachment to the memorandum (Doc. 21-2).

The petitioner represented the plaintiff in this action seeking review of a denial of Social Security disability benefits. This matter was remanded to the Social Security Administration by Order of this court (Doc. 17). Judgment was entered accordingly (Doc. 18).

The petitioner filed an application for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 19). The court thereafter awarded an attorney's fee under the EAJA of $2,625.00 (Doc. 20).

After the remand, the defendant held further proceedings on this matter that resulted in a favorable decision, and the plaintiff was awarded benefits (see Doc. 21-3, pp. 6-11).[3] Plaintiff's counsel then filed a petition for attorney's fees pursuant to §406(b).

The Social Security Act provides for the recovery of attorney's fees in the following terms (42 U.S.C. 406(b)(1)(A)):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-

---

[3]The page numbers refer to the page numbers assigned by the CM/ECF system.

due benefits to which the claimant is entitled by reason of such judgment....

The Commissioner does not object to counsel's entitlement to an award of fees under §406 (see Doc. 21, p. 3). Therefore, it is appropriate to consider the reasonableness of the fees requested.

A contingent fee agreement between an attorney and a Social Security claimant must not exceed twenty-five percent of the total past-due benefits awarded to a prevailing claimant. 42 U.S.C. 406(b)(1)(A). The United States Supreme Court has held that the burden is on the petitioner attorney to demonstrate that the fee sought is reasonable in light of the contingency fee agreement. Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

In this case, the petitioner has requested an award of attorney's fees in the amount of $10,000.00 (Doc. 21-2, p. 4). This represents 15 hours of service before the court (id., p. 3; Doc. 21-3, p. 4). The fee agreement between the plaintiff and counsel is for a contingent attorney's fee not to exceed twenty-five percent of past-due benefits (Doc. 21-2, p. 2; Doc. 21-3, p. 2).

The claim of 15 hours for services performed in this case appears reasonable and has not been challenged. Moreover, the contingency fee

agreement between the law firm and the plaintiff is valid because the parties agreed that the attorney's fees would not exceed twenty-five percent of the past-due benefits. Further, there are no circumstances that are apparent or have been suggested that would render the requested fee unreasonable. To the contrary, counsel is requesting a fee that is substantially less than 25% of past due benefits, which is $22,678.50 (Doc. 21-2, p. 4; Doc. 21-3, p. 9).

A fee award under §406(b) must normally take into account the earlier award under the EAJA of $2,625.00. Thus, the EAJA includes a Savings Provision, which provides that, when a prevailing claimant recovers attorney's fees under both the EAJA and §406(b)(1), the claimant's attorney must refund to the claimant the smaller award. Jackson v. Commissioner of Social Security, 601 F.3d 1268, 1271 (11th Cir. 2010)(quoting 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, §3, 99 Stat. 183, 186).

In this case, however, the EAJA fee was offset by the plaintiff's pre-existing, non-tax federal debt (Doc. 21-2, p. 3; Doc. 21-3, pp. 13-14). Consequently, the petitioner has not received EAJA fees which are subject to being refunded to the plaintiff.

For the foregoing reasons, the petitioner will be awarded $10,000.00 in attorney's fees pursuant to 42 U.S.C. 406(b).

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 18th day of October, 2013.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE